UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JTH TAX LLC,

    Plaintiff,

v.                          Case No.:   2:22-cv-457-SPC-KCD

MARY AILEEN ARDOLINO,
PETER J. ARDOLINO and
PREFERRED SERVICES 4U, LLC,

    Defendants.
_____/

**ORDER**[1]

This Order follows the in-person status conference the Court held on August 30, 2022, with Plaintiff JTH Tax LLC and pro se Defendant Peter Ardolino. (Doc. 29). At the conference, the Court explained to Ardolino that he alone cannot represent the other Defendants, his company and his wife. Although Defendant Preferred Services 4U, LLC is a single member LLC, it is a separate legal entity that an attorney must represent. *See* 28 U.S.C. § 1654 (allowing parties in federal court to "plead and conduct their *own* cases personally or by counsel" (emphasis added)); *Rowland v. Ca. Men's Colony,* 506

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (finding that even LLCs with a single member must retain an attorney because they "have a legal identity separate from their members").

For like reasons, Defendant Mary Ardolino too must hire an attorney or represent herself pro se. To be clear, her husband cannot represent her even if he holds power of attorney over her. *See Ohio Nat. Life Assur. Corp. v. Langkau*, No. 3:06-CV-290-J-33MCR, 2007 WL 1951500, at *1 (M.D. Fla. July 2, 2007) (stating that a party cannot be represented by a non-lawyer who holds power of attorney).

Because neither Preferred Services nor Mary Ardolino are properly represented, the Court set new deadlines to resolve the matter and to answer the Complaint at the conference. This Order memorializes those deadlines.

Accordingly, it is

**ORDERED**:

1. On or before **September 30, 2022**, Preferred Services 4U, LLC, must retain counsel to represent it and have counsel file a notice of appearance.

2. On or before **September 30, 2022**, Defendant Mary Ardolino must either (1) retain counsel and have counsel file a notice of appearance in this case; or (2) file an appropriate notice with the Court stating that she intends to proceed pro se.

3. On or before **October 14, 2022**, Defendants must answer or otherwise respond to the Complaint.

4. On or before **October 21, 2022**, all parties must file a **joint** notice telling the Court if Plaintiff is still pursuing the Motion for Preliminary Injunction (Doc. 2).

**DONE** and **ORDERED** in Fort Myers, Florida on August 31, 2022.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3